CIRCUIT COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL
DISTRICT AT MEMPHIS

RITA MONTESI,

    Plaintiff,

VS.

No. CT-001893-12

Div. IV

**JURY DEMANDED**

NATIONWIDE MUTUAL
INSURANCE COMPANY,

    Defendant.

FILED APR 25 2012 CIRCUIT COURT CLERK D.C.

## COMPLAINT FOR BAD FAITH

COMES NOW, Rita Montesi, and would hereby state and show unto the Court as follows:

1. Plaintiff, Rita Montesi, is a resident of Shelby County, Tennessee. Montesi is also a covered insured under Nationwide Mutual Insurance Company's Homeowner's Insurance Policy Number 63 41 HO 084556 and Nationwide Personal Umbrella Policy Number 63 41 PU 224150.

2. Nationwide Mutual Insurance Company is an insurance company qualified to provide policies of homeowner's insurance and policies of umbrella insurance in the state of Tennessee.

3. Plaintiff, Rita Montesi, was covered under the two aforesaid policies of

1


EXHIBIT A

insurance on October 13, 2005.

4. On October 13, 2005, an event occurred resulting in loss to Alicia Wilson and Michelle Hood. A suit has been brought against Rita Montesi alleging, among other things, that Rita Montesi acted negligently and intentionally to defame the plaintiffs in that action. The claim of Wilson and Hood went to trial in Lauderdale County, Alabama, and a verdict in favor of Wilson and Hood in the total amount of $70,000 was returned on December 9, 2010.

## BAD FAITH REFUSAL TO PAY

5. On or before February 8, 2011, Rita Montesi made formal demand on Nationwide to pay the policy benefits owed by Nationwide in the event of such loss. Since that time, Nationwide has failed and refused to the pay the benefits to which Rita Montesi is entitled under the terms of the policies of insurance.

6. Nationwide's refusal to pay the policy benefits as requested by the Plaintiff was not in good faith in that Nationwide unjustifiably refused to comply with Rita Montesi's demand to pay according to the terms of the policies in violation of T.C.A.. §56-7-105, the provisions of which are incorporated by reference herein as though contained herein verbatim.

7. Nationwide further interjected itself into the Alabama trial to seek a ruling from the jury completely at odds with the best interest of Rita Montesi, its insured. Nationwide knew or should have known that there was a significant chance of a significant judgment being rendered against Rita Montesi that would not be covered under her policies and was indifferent to her financial exposure as evidenced by its affirmative act of interjecting itself into the trial of the action with the specific intent of seeking a ruling from the jury that would have nullified her coverage under the policies. Nationwide breached its obligation to act in good faith under the

terms of the policies and breached the provisions of the policies.

8. Rita Montesi has incurred additional expense, loss and injury as a direct and proximate result of the refusal of Nationwide to comply with Rita Montesi's demand to pay according to the terms of the policies.

## CONSUMER PROTECTION ACT VIOLATIONS

9. By entering into the policies of homeowner's and umbrella insurance with Rita Montesi, Nationwide entered into a "consumer transaction" with Rita Montesi as that term is defined under T.C.A. § 47-18-103 (19).

10. By entering into a "consumer transaction" with Rita Montesi, Nationwde is prohibited from performing any unfair or deceptive acts or practice affecting the conduct of any trade or commerce in Tennessee pursuant to T.C.A. § 47- 18-104(a).

11. As a direct and proximate result of the refusal of Nationwide to comply with Rita Montesi's demand to pay according to the terms of the policies through an unfair and/or deceptive act or practice, Nationwide caused Rita Montesi to suffer an ascertainable loss of money and/or property and other things of value in violation of T.C.A. § 47-18-109(a)(1) and T.C.A. § 47-18-109(a)(27).

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

12. By refusing to comply with Rita Montesi's demand to pay according to the terms of the policies, Nationwide acted negligently.

13. As a direct and proximate result of the negligence of Nationwide, Rita Montesi has been caused to suffer serious or severe emotional injury for which she is seeking compensation.

PREMISES CONSIDERED, COUNTER-PLAINTIFF PRAYS:

1. That proper process issue and be served upon the Defendant, Nationwide, requiring it to answer this bill in accordance with the Tennessee Rules of Civil Procedure.

2. That upon a hearing of this cause, an order be entered finding Nationwide liable breach of contract; for bad faith refusal to pay according to the terms of the Nationwide policies; for tortuous bad faith refusal to pay according to the terms of the Nationwide policies; for violation of the Tennessee Consumer Protection Act; and for negligent infliction of emotional distress.

3. That upon a hearing of this cause, Rita Montesi be awarded actual damages, the statutory penalty equaling up to 25% of the benefit value of the Nationwide policy, and damages under the Tennessee Consumer Protection Act, including, but not limited to, attorney fees, punitive damages and treble damages.

4. For such other and further relief as the justice of this cause may require.

PLAINTIFF HEREBY REQUESTS TRIAL BY JURY ON THE CAUSE OF ACTION STATED HEREIN

Law Office of Stephen R. Leffler, P.C.

By_____
Stephen R. Leffler  11038
Attorney for Plaintiff
707 Adams Ave.
Memphis, Tennessee 38105
(901) 527-8830