IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

**RITA MONTESI,**            )
                             )
    **Plaintiff,**       )
                             )
**v.**                       )
                             )  No. 2:12-cv-02399-JTF-tmp
**NATIONWIDE MUTUAL INSURANCE** )
**COMPANY,**                 )
                             )
    **Defendant.**       )

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is defendant Nationwide Mutual Insurance Company's ("Nationwide") Motion to Dismiss Plaintiff's Claims for Violations of the Tennessee Consumer Protection Act, Bad Faith Penalties, and Punitive and Treble Damages, filed on November 27, 2012. (ECF No. 13.) Plaintiff Rita Montesi ("Montesi") filed a response in opposition on November 12, 2012 (ECF No. 17), and Nationwide filed a reply on December 26, 2012. (ECF No. 18.) The motion was subsequently referred to the Magistrate Judge for report and recommendation.

For the reasons below, it is recommended that Nationwide's motion be granted in part and denied in part.

**I. PROPOSED FINDINGS OF FACT**

This action arises from a dispute about coverage under an insurance policy for losses incurred in the form of a jury verdict

rendered against the insured. Prior to the events giving rise to this litigation, Montesi owned two insurance policies issued by Nationwide: a homeonwer's insurance policy and a personal umbrella insurance policy. (ECF No. 1-2 ("Compl.") ¶ 3.) On October 13, 2005, while both insurance policies were in effect, Montesi engaged in conduct that was construed as defamatory by Alicia Wilson and Michelle Hood. (Compl. ¶ 4.) Wilson and Hood filed a state court civil action against Montesi for defamation and other causes of action in Lauderdale County, Alabama. Although not a party in the lawsuit, Nationwide intervened in the Alabama trial, seeking a jury verdict specifically regarding Montesi's intent and knowledge surrounding the defamatory acts. (Compl. ¶ 7.) The jury returned a verdict against Montesi, finding her liable to Wilson and Hood for false light, invasion of privacy, and defamation based upon statements made specifically with her consent and knowledge of falsity. (Compl. ¶ 4; Def. Ans. ¶ 4.) The Alabama court entered judgment on the verdict and ordered Montesi to pay compensatory and punitive damages in the amount of $70,000. (Compl. ¶ 4.) Following the Alabama defamation suit, Montesi filed an insurance claim with Nationwide, seeking reimbursement under her policies for the $70,000 loss she incurred. On or before February 8, 2011, Montesi made a formal demand to Nationwide for payment under the policies. (Compl. ¶ 5.) To date, Nationwide has not paid Montesi any amount of money pursuant to her February 8 demand. (Id.)

On April 25, 2012, Montesi commenced the instant litigation by filing a complaint in the Circuit Court of Tennessee for the Thirtieth District. Nationwide removed the case on the basis of diversity jurisdiction to the District Court for the Western District of Tennessee on May 25, 2012. In her complaint, Montesi claims that Nationwide's failure to pay her insurance claim constitutes breach of contract, negligent infliction of emotional distress ("NIED"), and a violation of the Tennessee Consumer Protection Act ("TCPA")[1], and seeks statutory damages under the Tennessee bad faith refusal to pay statute ("bad faith statute").[2] Montesi alleges that Nationwide "interjected" itself into the Alabama trial with the specific intent to seek a special jury verdict to nullify her coverage. (Compl. ¶ 7.) Montesi further alleges that Nationwide knew or should have known that she already faced a significant chance of a jury finding against her and "interjected" nonetheless. (Id.) Based on her allegations, Montesi requests actual damages, the 25% penalty permitted by the bad faith statute, attorney's fees, treble damages, and punitive damages.

## II. PROPOSED CONCLUSIONS OF LAW

### A. Rule 12(b)(6) Dismissal

---

[1] Tenn. Code Ann. § 47-18-101 *et seq.* (1977).

[2] Tenn. Code Ann. § 56-7-105 (2008).

-3-

Federal Rule of Civil Procedure Rule 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action . . . ." League of Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555–56); see also Wiggins v. Argent Mortg. Co., No. 11-cv-15118, 2013 WL 2034055, at *3 (E.D. Mich. May 14, 2013) (citing Bredesen, 500 F.3d at 527). "Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim." HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 611 (6th Cir. 2012) (citing Iqbal, 556 U.S. at 678). While plausibility requires relief to be more than speculative, it need not be probable; rather, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is

very remote and unlikely." Erie Cnty., Ohio v. Morton Salt, Inc., 702 F.3d 860, 867 (6th Cir. 2012) (quoting Twombly, 550 U.S. at 556) (internal quotation marks omitted).

In considering a motion to dismiss under Rule 12(b)(6), the court views the complaint in the light most favorable to the plaintiff, accepts the allegations as true, and draws all reasonable inferences in favor of the plaintiff. KSR Int'l Co. v. Delphi Auto. Sys., No. 12-2063, 2013 WL 1749336, at *1 (6th Cir. Apr. 23, 2013) (citing Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008)). "A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." Handy-Clay v. City of Memphis, No. 10-2927-STA-tmp, 2013 WL 2948442, at *4 (W.D. Tenn. June 14, 2013) (quoting Hensley Mfg. v. ProPride, Inc., 579 F. 3d 603, 609 (6th Cir. 2009)) (internal quotation marks omitted). Therefore, "to state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Boland v. Holder, 682 F.3d 531, 534–35 (6th Cir. 2012) (quoting Bredesen, 500 F.3d at 527) (internal quotation marks omitted).

**B. TCPA claim**

Nationwide contends that Montesi's TCPA claim should be dismissed on two alternative theories. First, it argues that the

claim is statutorily barred in light of an April 29, 2011, amendment to Title 56 of the Tennessee Code. This amendment, in relevant part, provides as follows:

> Notwithstanding any other law, title 50 and this title shall provide the sole and exclusive statutory remedies and sanctions applicable to an insurer, person, or entity licensed, permitted, or authorized to do business under this title for alleged breach of, or for alleged unfair or deceptive acts or practices in connection with, a contract of insurance as such term is defined in § 56-7-101(a). . . .

Tenn. Code Ann. § 56-8-113 (2011). The historical notes accompanying the amendment provide "[t]his act shall take effect upon becoming law, the public welfare requiring it, and shall apply to any cause of action accruing on or after such date." 2011 Tenn. Pub. Acts ch. 130, § 2; see also Brandon v. Warmath, 277 S.W.2d 408, 411 (Tenn. 1955). This amendment effectively eliminates the TCPA as a viable cause of action for disputes arising from the insurer-insured relationship because the TCPA is not contained in Title 50 or Title 56. Thus, if Montesi's TCPA claim accrued on or after April 29, 2011, then it would be statutorily barred by the amendment.

Second, Nationwide argues in the alternative that Montesi's TCPA claim should be dismissed because it is time barred by the applicable one-year statute of limitations. The TCPA provides "any action commenced pursuant to § 47-18-109 shall be brought within one (1) year from a person's discovery of the unlawful act or practice . . . ." Tenn. Code Ann. § 47-18-110 (2003); accord

Almanza v. Baird Tree Serv. Co., No. 3:10-CV-311, 2012 WL 4758276, at *7 (E.D. Tenn. Oct. 5, 2012) ("A cause of action under the TCPA accrues when the action giving rise to the claim is discovered."). The TCPA statute of limitations follows Tennessee's discovery rule for accrual. Under the discovery rule, a TCPA cause of action accrues and the statute of limitations begins running "when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." Almanza, 2012 WL 4758276, at *7 (quoting John Kohl & Co. v. Dearborn & Ewing, 977 S.W.2d 528, 532 (Tenn. 1998)) (internal quotation marks omitted). Thus, if Montesi's TCPA cause of action accrued prior to April 25, 2011, then it would be time-barred by the one-year statute of limitations. According to Nationwide, Montesi's TCPA claim is barred by either the statute of limitations or the April 29, 2011 amendment.

As stated above, accrual of a TCPA claim occurs upon the plaintiff's discovery of the cause of action. In her response to the instant motion, Montesi argues that without a sufficient factual basis to determine the date of accrual, the question of timeliness is not "ripe" for the court to consider. (Pl. Resp. at 3.) Montesi's argument is well taken because the time at which a plaintiff discovers or reasonably should discover a cause of action is typically a question of fact for the trier of fact to decide.

See Gerdau Ameristeel, Inc. v. Ratliff, 368 S.W.3d 503, 509 (Tenn. 2012) (citing Wyatt v. A-Best, Co., 910 S.W.2d 851, 854 (Tenn. 1995)) ("The question of whether a plaintiff has exercised reasonable diligence and care in discovering that he has a cause of action, however, is a question of fact."); Club Chalet Homeowners' Ass'n, Inc. v. Matthews, No. E2011-02237-COA-R3-CV, 2012 WL 4101678, at *3 (Tenn. Ct. App. Sept. 19, 2012) ("[T]he question of whether the cause of action has accrued under the discovery rule is a question of fact."); Burk v. RHA/Sullivan, Inc., 220 S.W.3d 896, 901 (Tenn. Ct. App. 2006) ("Determining when a plaintiff acquired constructive knowledge of [the elements of a cause of action] is generally a question for the trier of fact."). When undisputed evidence can lead to only one conclusion, however, accrual can be a question of law for the court to determine. See Reid v. Baker, No. 10-2413-STA, 2011 WL 976547, at *8 (W.D. Tenn. Mar. 16, 2011), aff'd, 499 F. App'x 520 (6th Cir. 2012) ("Generally, the time at which a claim accrues is a question of fact; however, if the evidence is undisputed and can lead to only one conclusion, accrual is a question of law for the Court to determine."); see also City of Chattanooga v. Hargreaves Ass'n, No. E2011-01197-COA-R3-CV, 2012 WL 2353688, at *12 (Tenn. Ct. App. June 21, 2012) ("As the facts are not in dispute and clearly show that a cause of action has accrued and that the statute of limitations has run, summary judgment may be entered."); Taylor v. Metro. Gov't of Nashville,

No. M2007-01774-COA-R3-CV, 2008 WL 5330502, at *6 (Tenn. Ct. App. Dec. 19, 2008) ("Since the evidence is not in dispute, and no inferences [are] to be drawn from the evidence, the issue as to when the cause of action accrued is a question of law."); <u>Osborne Enter., Inc. v. City of Chattanooga</u>, 561 S.W.2d 160, 165 (Tenn. Ct. App. 1977) (quoting former 54 C.J.S. <u>Limitations of Actions</u> § 399b) ("The time of the accrual of the cause of action, as affecting the running of the statute of limitations, is frequently a question of fact to be determined by the jury or trier of fact under the evidence, as where the evidence is conflicting or the time is not clearly provided and is a matter of inference from the testimony. On the other hand, if the evidence is undisputed and only one conclusion can be drawn therefrom, the time of the accrual of the cause of action is a question of law to be determined by the Court."). The complaint alleges that Montesi made a formal demand on Nationwide to pay the policy benefits "[o]n or before February 8, 2011," and that "[a]s a direct and proximate result of the refusal of Nationwide to comply with Rita Montesi's demand to pay according to the terms of the policies through an unfair and/or deceptive act or practice, Nationwide caused [her] to suffer an ascertainable loss . . . in violation of the [TCPA]." (Compl. ¶¶ 5, 11.) The complaint contains no further factual allegations regarding when Montesi discovered the violation. Theoretically, if the violation was discovered (i.e. accrued) sometime between the

narrow window of April 25 through April 28, 2011, then the claim would not be barred by the one-year statute of limitations or the April 29, 2011 amendment. Because this determination cannot be made based on the face of the complaint, the court submits it would be inappropriate to conclude as a matter of law that the claim is barred. It is recommended that Nationwide's motion to dismiss the TCPA claim on these bases be denied.[3]

## C. Bad faith statutory claim

Nationwide contends that Montesi's bad faith statutory claim should be dismissed because it is time barred by the applicable one-year statute of limitations. To establish a bad faith claim under Tenn. Code Ann. § 56-7-105, a plaintiff must show,

> (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days), and (4) the refusal to pay must not have been in good faith.

Bowery v. Berkshire Life Ins. Co., No. 3:11–CV–03, 2013 WL 1497339, at *9 (E.D. Tenn. Apr. 11, 2013) (citing Stooksbury v. Am. Nat'l Prop. & Cas. Co., 126 S.W.3d 505, 519 (Tenn. Ct. App. 2003)). As courts have repeatedly found, the bad faith statute is "penal in nature." Tannenbaum v. Federal Ins. Co., No. 3:11-cv-01077, 2013 WL 3200595, at *6 (M.D. Tenn. June 24, 2013) (quoting Minton v.

---

[3]However, as discussed later in this Report and Recommendation, Montesi's TCPA claim should be dismissed on other grounds.

-10-

Tenn. Farmers Mut. Ins. Co., 832 S.W.2d 35, 38 (Tenn. Ct. App. 1992)). As a result, courts interpreting the bad faith statute have applied the one-year statute of limitations contained in Tenn. Code Ann. § 28-3-104(a)(4), which requires "actions for statutory penalties" to be "commenced within one year after the cause of action accrued." See McCoy v. Stonebridge Ins. Co., No. 2:11-CV-178, 2012 WL 4442527, at *4 (E.D. Tenn. Sept. 25, 2012) ("The Court FINDS that the plaintiff allowed his statutory bad faith and TCPA claims to lapse under the one-year statute of limitations which is applicable to each of them."); Wynne v. Stonebridge Life Ins. Co., 694 F. Supp. 2d 871, 879 (W.D. Tenn. 2010) ("Tennessee Code Annotated § 28-3-104(a)(4) provides a one-year statute of limitations period applicable to 'actions for statutory penalties.' The bad faith statute is penal in nature . . . . [The plaintiff] waited more than five years [to file his complaint]. Therefore, the statute of limitations has run as to any bad faith claims . . . .") (internal citations omitted). The one-year statute of limitations begins running when the bad faith cause of action accrues - sixty days after the formal demand or immediately after the insurer refuses to comply with the demand. See Third Nat. Co. v. Thompson, 191 S.W.2d 190, 195 (Tenn. Ct. App. 1945) ("In the present suit the insurers did not deny liability or refuse to pay within sixty days. They were merely waiting, as they had a right to do under these decisions, during a period of sixty

-11-

days. Before that sixty-day period expired this suit was brought, February 3, 1942. So no right to recover the penalty had accrued."); see also Hampton v. Allstate Ins. Co., 48 F. Supp. 2d 739, 745 (M.D. Tenn. 1999) (quoting Thompson v. Interstate Life & Accident Co., 162 S.W. 39 (Tenn. 1913)) ("[T]he defendant may decline to answer the demand for sixty days, and, as long as no refusal is made within that period, the claimant would necessarily be required to withhold suit; but, if the refusal to pay is made within sixty days after the demand, the right to commence the suit accrues immediately upon the refusal. Sixty days is the extreme limit allowed by the legislature in which the company can investigate the question of its liability, and, if it fails to respond to the demand for payment within that time, the suit may be commenced without proof of a refusal.") (internal quotation marks omitted).

Generally, at the dismissal stage of a lawsuit, the plaintiff is "not required to anticipate and plead around all potential defenses." Kensu v. Warden, No. 12-11877, 2013 WL 1774637, at *5 (E.D. Mich. Apr. 25, 2013) (quoting Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004)) (internal quotation marks omitted). However, when the "face of the complaint discloses a failure to file within the time allowed," the Sixth Circuit has held that "a plaintiff has an obligation to plead facts in avoidance of a statute of limitations." Reid, 2011 WL 976547, at

*7 (quoting Bishop v. Lucent Techs., Inc., 520 F.3d 516, 520 (6th Cir. 2008)) (internal quotation marks omitted). Thus, "when it affirmatively appears from the face of the complaint that the time for bringing the claim has passed, the plaintiff cannot 'escape the statute by saying nothing.'" Bishop, 520 F.3d at 520 (quoting Hoover v. Langston Equip. Assoc., Inc., 958 F.2d 742, 744 (6th Cir. 1992)).

In the instant case, the complaint states that "on or before February 8, 2011, Rita Montesi made formal demand on Nationwide to pay the policy benefits owed by Nationwide in the event of such loss." (Compl. ¶ 5.) It necessarily follows, then, that the bad faith refusal to pay occurred, at the latest, on April 10, 2011. As Montesi's complaint does not provide any allegations to the contrary, it follows that the one-year statute of limitations expired on April 10, 2012. Montesi did not file her complaint until April 25, 2012. Thus, because it appears on the face of Montesi's complaint that her claims are time barred, she assumes an obligation to provide allegations that avoid the statute of limitations. See Reid, 2011 WL 976547, at *8.

In an apparent attempt to meet this obligation, Montesi suggests in her response to the instant motion that the statute of limitations should be tolled. The response states, "[i]f the bad faith cause of action did not accrue until the Appeals Court in Alabama denied Ms. Montesi's appeal, then limitations period did

not begin running until February 28, 2012. It is not stated in the complaint when that occurred." (Pl. Resp. at 3.) In proposing the denial of her appeal as the accrual date for her bad faith claim, Montesi provides no argument or case law to support this theory of late accrual. Additionally, the complaint is devoid of any factual allegations to support this new assertion, and moreover, new dates or facts in her response cannot remedy a pleading deficiency. See Watson v. Tenn. Dept. of Corr., No. 11–2009–STA, 2012 WL 423427, at *2 (W.D. Tenn. Feb. 8, 2012) (declining to consider additional facts provided in a response to a motion to dismiss when facts were not originally included in the complaint). Thus, she has failed meet her obligation to plead additional facts that support the timeliness of her claim and avoid the statute of limitations. See Reid, 2011 WL 976547, at *8 (dismissing complaint as time barred when late accrual theory was not sufficiently supported by factual allegations). In light of this deficiency, the court submits Montesi's statutory bad faith claim is facially time barred, and recommends Nationwide's motion to dismiss the bad faith statutory claim be granted.

**D. Rule 9**

Nationwide contends that Montesi's TCPA claim should be dismissed because the allegations supporting the claim fail to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which states, "in alleging fraud or mistake, a

party must state with particularity the circumstances constituting fraud or mistake."[4] While it is unclear from the complaint that fraud is the basis of Montesi's TCPA claim, her response acknowledges it as such. Responding to Nationwide's assertion that her TCPA claim is not sufficiently pleaded, Montesi states, "[t]his basis of fraud is clearly stated in the complaint" and " [t]hese allegations adequately set forth fraud . . . ." (Pl. Resp. at 2.) The Sixth Circuit has interpreted Rule 9(b) as "requiring plaintiffs to allege the time, place, and content of the alleged misrepresentation on which he or she relies; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Derby City Capital v. Trinity HR Servs., No. 3:12-CV-00850-TBR, 2013 WL 2470900, at *3 (W.D. Ky. June 7, 2013) (quoting Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 563 (6th Cir. 2003)) (internal quotation marks omitted). Stated differently, a

---

[4]Nationwide actually asserts that Montesi failed to meet the pleading standard under Tenn. R. Civ. P. 9.02. However, the applicable standard is Fed. R. Civ. P. 9(b), which is substantially similar to Tenn. R. Civ. P. 9.02. Where the basis for jurisdiction in a federal court is party diversity, as it is in the instant case, the court must apply state substantive law and federal procedural law. TolTest, Inc. v. Purcell P&C, No. 3:12-cv-01821, 2013 WL 1571714, at *2 (N.D. Ohio, Apr. 12, 2013); see also Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). "Although Tennessee law provides the substantive elements of a fraud claim where jurisdiction is based on diversity of citizenship, the Federal Rules of Civil Procedure provide the procedural rules, including the pleading requirements." H.D. Adcock & Assocs., Inc. v. Johnston & Hayden, L.L.C., No. 10-2164, 2011 WL 777916, at *4 (W.D. Tenn. Feb. 28, 2011) (citing Minger v. Green, 239 F.3d 793, 800 (6th Cir. 2001)).

complaint alleging fraud must "(1) specify the allegedly fraudulent statements; (2) identify the speaker; (3) plead when and where the statements were made; and (4) explain what made the statements fraudulent." LeBlanc v. Bank of Am., No. 3:12-cv-02001-JPM-tmp, 2013 U.S. Dist. LEXIS 85011, at *9-10 (W.D. Tenn. June 18, 2013) (quoting Republic Bank & Trust Co. v. Bear Stearns & Co., 683 F.3d 239, 247 (6th Cir. 2012)) (internal quotation marks omitted). Montesi's complaint is devoid of factual allegations providing this information. While Montesi's response indicates that Nationwide's "interjection" into the Alabama trial constitutes fraud, the complaint explicitly identifies Nationwide's refusal to pay as the basis of the alleged TCPA violation. In describing Nationwide's actions, Montesi alleges, "[a]s a direct and proximate result of the refusal of Nationwide to comply with Rita Montesi's demand to pay . . . through an unfair and/or deceptive act or practice, Nationwide caused Rita to suffer and ascertainable loss . . . in violation of [the TCPA]." (Compl. ¶ 11.) This conclusory statement does not identify any of Nationwide's acts or statements as fraudulent. Further, it does not state when or where Nationwide's fraudulent acts or statements occurred. Finally, it does not explain what made Nationwide's acts or statements fraudulent. Based on Montesi's failure to provide sufficient factual support to meet the heightened pleading standard for fraud

under Rule 9(b), it is recommended that Nationwide's motion to dismiss on this basis be granted.[5]

**E. Punitive Damages**

Nationwide contends that Montesi cannot recover punitive or treble damages in this case because the bad faith penalty statute provides the exclusive remedy for actions against an insurance company.[6] In her response, Montesi concedes that if her TCPA claim is dismissed, then treble damages would indeed be unavailable. However, Montesi maintains her request for punitive damages should not be dismissed because her NIED claim carries with it the availability of punitive damages. The court has found at least one

---

[5]Pleading deficiencies like those in Montesi's complaint may be remedied by amending the complaint under Federal Rule of Civil Procedure 15. However, Montesi has not requested leave to amend her complaint in her response to the motion to dismiss. The court is under no obligation to *sua sponte* grant a represented plaintiff leave to amend deficiencies in a complaint. See Brown v. Matauszak, 415 F. App'x 608, 615-16 (6th Cir. 2011) ("[A] district court's failure to grant leave to amend a complaint generally is governed by an abuse of discretion standard. There is currently no rule of law in this circuit that requires a district court, *sua sponte*, to give a [] plaintiff leave to amend [her] complaint absent a request, and so generally, a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought.").

[6]Nationwide also criticizes the pleading sufficiency of Montesi's prayer for punitive damages, stating "[n]owhere in Plaintiff's Complaint does she allege that Nationwide acted intentionally, fraudulently, recklessly, or maliciously, and therefore, Plaintiff's claim is insufficient for an award of punitive damages." (Def. Reply at 3.) As Nationwide raised this argument for the first time in its reply brief, the court will not address the sufficiency of Montesi's punitive damages allegations.

case in which a Tennessee court has awarded punitive damages for an NIED claim. See Flax v. DaimlerChrysler, Inc., No. 02C-1288, 2005 WL 1768725 (Tenn. Cir. Ct. June 20, 2005), rev'd on other grounds, No. M2005-01768-COA-R3CV, 2006 WL 3813655 (Tenn. Ct. App. Dec. 27, 2006), aff'd, 272 S.W.3d 521 (Tenn. 2008) (awarding plaintiff both compensatory and punitive damages based solely on her NIED claim). As Nationwide in its motion has not directed the court to any case authority to the contrary, the court submits that Montesi's request for punitive damages should not be dismissed.

### III. RECOMMENDATION

For the reasons above, it is recommended that Nationwide's motion be granted in part and denied in part.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 8, 2013
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**