IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RITA MONTESI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:12-cv-02399-JTF-tmp |
| | ) |
| NATIONWIDE MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
GRANTING NATIONWIDE'S MOTION FOR SUMMARY JUDGMENT

Before the Court is the Defendant, Nationwide Mutual Insurance Company's Motion for Summary Judgment, DE #23, regarding Plaintiff's breach of contract and negligent infliction of emotional distress claims. (DE #23). On April 12, 2013, Plaintiff filed a response in opposition to the motion for summary judgment to which Defendant filed a reply. (DE #29 and DE #30)). The Court referred the motion to the Magistrate Judge who entered a report recommending that Nationwide's motion for summary judgment be granted. (DE #40). Plaintiff filed a timely objection to the report and recommendation on November 11, 2013. (DE #42).

1

After reviewing the entire record including the Magistrate Judge's report, Defendant's motion for summary judgment, Plaintiff's response to the motion and her objection to the Magistrate's report, the Court ADOPTS the Magistrate Judge's report and recommendation and GRANTS the Defendant's motion for summary judgment regarding the breach of contract and negligent infliction of emotional distress claims.

The Magistrate Judge applied Alabama state law and concluded that the jury verdict against Rita Montesi in the underlying civil court matter[1] precluded her instant claim for breach of contract for nonpayment under the umbrella provision of her Nationwide insurance policy. Finding that all four elements of collateral estoppel or issue preclusion under Alabama state law were satisfied in the prior lawsuit, including the "lack of intent claim," the Magistrate Judge determined that Plaintiff cannot now demonstrate that Nationwide's denial of the insurance coverage amounts to a breach of contract. The Magistrate also concluded that Plaintiff's negligent infliction of emotional distress claim is barred by Tennessee's one year statute of limitations.

Plaintiff raises only one objection to the Magistrate's report, that summary judgment should be granted to the defendant

---

[1] *Wilson v. Montesi, Lauderdale County, Alabama*, Case No. CV-2006-505 (a/k/a the Wilson lawsuit).

2

on the breach of contract issue. Plaintiff asserts that whether she acted intentionally or negligently to injure the plaintiffs involved in the Alabama lawsuit presents a material issue of fact for the jury and thus bars summary judgment. Plaintiff argues that both Nationwide and the Magistrate erroneously relied on the jury's punitive damage award as a basis for denying her coverage under the umbrella policy. Plaintiff contends that because the jury's answers to the interrogatories were unambiguous, it is inconclusive what behavior the jury found intentional, willful, negligent or malicious. (DE #42). Finally, Plaintiff argues that Nationwide conceded that her conduct did not arise to an act of libel or slander. The Court finds Plaintiff's objections lack merit.

Regarding the jury verdict form in the underlying case, Plaintiff asserts the jury's answers are ambiguous and fail to demonstrate the intent needed to bar her claim under the insurance policy. The Court finds instead, the jury's verdict form and interrogatories used during the Alabama deliberations, to which both parties consented, are very specific. The verdict form provides:

### **JURY INTERROGATORY**

1. Do you find, by a preponderance of the evidence, that Defendant, Rita K. Montesi, defamed the Plaintiffs?

3

Yes _X__

        No  ____

    A.  If yes, do you find that the Defendant, Rita K.
        Montesi acted:
        (Check all that apply.)

        Negligently   _X__

        Intentionally ____

        a.  Were the defamatory statements made by
            Defendant, Rita K. Montesi, made by or with the
            consent of Ms. Montesi and made with the
            knowledge of their falsity?

        Yes _√__          No  ____


(DE #23-3 and DE #23-13)). Exhibit B. The second jury verdict

form included the following interrogatories:

### **JURY INTERROGATORY**

    1. Do you find that Defendant, Rita K. Montesi, is
    liable to the Plaintiffs for false light invasion of
    privacy?

            Yes __X_

            No  ____

        A. If yes, do you find that the Defendant, Rita
           K. Montesi acted:
           (Check all that apply.)

           Negligently    _X_

           Recklessly     _X_

           Intentionally  _X_

4

> 1. Was such false light invasion of privacy
>    caused by the statements Defendant, Rita K.
>    Montesi, made by or with the consent of Ms.
>    MOntesi and made with knowledge of their
>    falsity?
>
>    Yes __X__     No ____

It is undeniable that the jury in the Alabama proceeding found Ms. Montesi's behavior negligently defamed the parties. The $50,000 punitive damage award underscores the jury's finding of that Plaintiff's reckless behavior caused harm to the plaintiffs, her nieces, in the underlying Alabama defamation case. Nationwide denied the coverage on the basis that Ms. Montesi's umbrella policy did not cover libel, slander or defamation incidents.[2] The insurance policy, provided in the record shows that Ms. Montesi was not covered by the libel, slander or defamation provisions. Also, the policy did not cover intentional acts or "personal injury caused intentionally by or at the direction of an insured including willful acts the result of which the insured knows or ought to know will follow from the insured's conduct."

The Court reasons that Plaintiff should have known that publishing the advertisement or sending the advertisement to the Alabama *Courier Journal* for publication on or about May 4, 2005,

---

[2] DE #23-6, Affidavit of Mark Ramsey, Casualty Claims Manager for Nationwide Insurance Company; DE 23-8, Homeowner's Policy Declarations and Other Coverages and Liability Exclusions (Sections II) and Personal Injury Coverage under Coverage E.

with the understanding that it contained defamatory and untruthful facts would undoubtedly result in personal injury to the parties named in said advertisement.[3] The insurance policy explicitly excluded coverage of any personal injury arising out of any libel, slander, or defamation made by an insured with knowledge of its falsity. Plaintiff's argument that a question of fact remains for the jury regarding whether conduct was intentional or negligent and what exact conduct the jury determined was intentional or negligent has no bearing on the ultimate determination that she was liable for negligently, intentionally and recklessly presented the plaintiffs in that case in a false light for which she had no coverage under the Nationwide umbrella policy. *Ex parte Bole*, 103 So.3d 40, 51 (Ala. 2012); *Horne v. TGM Assocs, L.P.*, 56 So.3d 615, 631(Ala. 2010), quoting *The American Road Service Co., v. Inmon*, 394 So.2d 361, 365 (Ala. 1980).

There is no viable breach of contract claim as the identical issue was resolved in the "Wilson lawsuit" and correctly deemed in the Magistrate's report, barred by collateral estoppel from review again in federal court. Lightfoot v. *Floyd*, 667 So.2d 56, 64 (Ala. 1995).

---

[3] DE #23-3.

6

Accordingly, the Court adopts the Magistrate's report and finds Defendant's Motion for Summary Judgment regarding the remaining claims of breach of contract and negligent infliction of emotional distress should be GRANTED. The Court having adopted the Magistrate's report in its entirety regarding the TCPA and bad faith statutory claims, DE #38, finds no remaining issues and Orders the case DISMISSED with prejudice pursuant to Fed. R. Civ. P. 56. Because all claims are dismissed, the Defendant's motion to Amend or Correct, DE #39, is terminated as MOOT. In light of the Court's Order Adopting the Magistrate's Report and Recommendation and Granting the Defendant's Motion for Summary Judgment, Defendant's Motion for Leave to File a Reply Brief, DE #43, is also terminated as MOOT.

IT IS SO ORDERED this 18th day of November, 2013.

***s/John T. Fowlkes, Jr.***
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE